IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT L. GREEN, et al.,<br><br>     Plaintiffs,<br><br>  v.<br><br>BRISTOL-MYERS SQUIBB COMPANY,<br>MCKESSON CORPORATION, and DOES 1<br>TO 100,<br><br>     Defendants. | Case No. C 13-1489 SC<br><br>ORDER GRANTING MOTION TO <u>STAY</u> |

Now before the Court is Defendant Bristol-Myers Squibb's ("BMS") motion to stay these proceedings pending transfer of this action to the Plavix MDL, ECF No. 9 ("MTS"), and Plaintiffs' motion to remand, ECF No. 13 ("MTR").  There is also a pending motion to relate the instant action to <u>Caouette v. Bristol-Myers Squibb Company</u>, Case No. 12-cv-01814-ECM (the "<u>Caouette</u> Action"), which is currently pending before Judge Chen in this District.  <u>Caouette</u> Action Dkt. No. 75.  The motion to stay is fully briefed, ECF Nos. 14 ("Opp'n"), 16 ("Reply"), and appropriate for determination without oral argument, Civ. L.R. 7-1(b).  For the reasons set forth below, the Court stays this matter, including its consideration of Plaintiffs' motion to remand, pending a determination on whether

the case should be transferred to the Plavix MDL or related to the Caouette action.

In determining whether a stay is appropriate, the Court is to consider the following:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

Keating v. Office of Thrift Supervision, 45 F.3d 322, 325 (9th Cir. 1995).

The Court finds that these factors favor staying this action. A stay would not prejudice Plaintiffs because it will likely be short and Plaintiffs' motion to remand could also be heard by Judge Chen or as part of the Plavix MDL. BMS would not be burdened because it is moving for the stay. Staying the case would promote judicial economy and uniform decision-making since the motion to remand filed in this case raises jurisdictional issues identical to those raised in a number of other cases filed against BMS in this District. All of these cases might be related before Judge Chen or transferred to the Plavix MDL, where they can be decided in a consistent and efficient manner. Finally, a stay would not be inconsistent with the interests of non-parties or the general public. This reasoning is consistent with recent decisions by Judges Seeborg, Illston, Henderson, and Gonzalez Rogers in this District, granting motions to stay pending determination of whether other cases filed against BMS should be transferred to the Plavix

2

MDL or related before Judge Chen. See Case Nos. C 12-05208 RS, C 12-05752 SI, C12-6426 TEH, 12-CV-5941 YGR.

Plaintiffs argue that the Court should rule on their motion to remand prior to considering the motion to stay. This argument is based in part on a February 12, 2013 decision by the Judicial Panel on Multidistrict Litigation ("JPML") declining to transfer certain matters to the Plavix MDL. Opp'n at 6-7. The JPML explained: "[U]ntil the remand motions are decided, the basis or bases on which the actions were properly removed 'assuming removal was proper' are unclear." Opp'n Ex. C at 4. But the JPML's concerns stemmed from the fact that these actions had been removed from state court as "mass actions" under the Class Action Fairness Act ("CAFA"). In this case, BMS did not remove under CAFA.

For these reasons the Court GRANTS Defendant Bristol-Myers Squibb's motion to stay and STAYS this matter pending determination of whether it should be transferred to the Plavix MDL or related before Judge Chen.

IT IS SO ORDERED.

Dated: May 1, 2013

_____
UNITED STATES DISTRICT JUDGE

3